UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROY VAZQUEZ,

    Plaintiff,

v.　　　　　　　　　　　　　　　　Case No.:

CRC INSURANCE SERVICES, INC., a
Foreign Profit Corporation,

    Defendant.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant CRC Insurance Services, Inc. (hereinafter "Defendant"), by and through its undersigned attorneys, hereby gives notice that the civil action currently pending in the Circuit Court for the Eighteenth Judicial Circuit, Seminole County, Florida, identified as *Roy Vazquez v. CRC Insurance Services, Inc.*, Case No. 2021-CA-002907, is removed to this Court without waiving any rights to which Defendant may be entitled, and says:

Pursuant to 28 U.S.C. §1446(a) and Middle District Local Rule 1.06(b), copies of all record documents, including all orders, pleadings, and process which have to date been served upon Defendant are attached as Exhibit A.

The Complaint in the above action was filed in the Circuit Court for the Eighteenth Judicial Circuit on or about December 14, 2021, and served on Defendant

on December 20, 2021. In compliance with 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty (30) days of Defendant ascertaining that this case is removable.

Plaintiff lives in and is a resident of Florida. See Declaration of Robert Bloomer (attached hereto as Exhibit A). Upon information and belief, Plaintiff is domiciled in the State of Florida for purposes of this Court's diversity jurisdiction. Defendant CRC Insurance Services, Inc., is incorporated in the State of Alabama with its principal place of business in Birmingham, Alabama. As such, Defendant is not based in Florida or a Florida resident.

Therefore, at all relevant times herein, Plaintiff was domiciled in and a citizen of the State of Florida, and Defendant is a citizen of a state other than Florida. At the time of the filing of this action, and as of the date of this removal, there is complete diversity of citizenship between the parties.

The amount in controversy between Plaintiff and Defendant exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interests and costs.[1] In determining the amount in controversy, a court is permitted "to make 'reasonable deductions, reasonable inference, or other reasonable extrapolations' from the

---

[1] *See Jirau v. Wathen*, 2014 WL 3695388, at *2 (M.D. Fla. July 24, 2014) ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal") (citing *Williams v. Best Buy* Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).

pleadings." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-62 (11th Cir. 2010)(quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). Courts may "use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id*. at 1062. The "removing defendant is not required to prove the amount in controversy beyond all reasonable doubt", but rather only by a preponderance of the evidence. *Pretka*, 608 F.3d at 752, 754. Further, in examining this issue, the question is not whether the plaintiff *would actually* recover a specific amount of damages, but rather whether he *could* do so. *See Wineberger v. Racetrac Petroleum, Inc.,* 2015 WL 225760, *3 (M.D. Fla. Jan. 16, 2015) (emphasis added) (citing *McDaniel v. Fifth Third Bank*, 568 Fed Appx. 729, 731 (11th Cir. 2014)). "The appropriate measure is the litigation value of the case assuming that the allegations of the compliant are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint." *Jackson v. Am. Bankers Ins. Co.*, 976 F.Supp.1450, 1454 (S.D. Ala. 1997) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)). "[R]ecent Eleventh Circuit decisions promote a greater reliance on a court's judicial experience and common sense based on the evidence presented and the nature of the claims alleged in determining whether the jurisdictional threshold is reached." *Cowan v. Genesco, Inc.*, 2014 WL 3417656, at *4 (M.D. Fla. July 14, 2014).

In his suit, Plaintiff alleges a cause of action for discrimination and retaliation under the Florida Civil Rights Act ("FCRA"). The FCRA permits recovery for back pay, front pay, compensatory damages, and attorneys' fees. Plaintiff is also seeking punitive damages.

Courts in this District are divided regarding whether back pay damages are calculated at the time of removal or time of anticipated trial. *Compare Bragg v. Suntrust Bank*, No. 8:16-cv-139-T-33TBM, 2016 WL 836692, at *2 (M.D. Fla. Mar. 4, 2016) ("[B]ack pay should be calculated only to the date of removal."), *with Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017) ("Courts in this Circuit have previously held that back pay may be calculated through the estimated date of trial."). Under either calculation, Plaintiff's potential back pay alone exceeds the statutory threshold.

Plaintiff earned a yearly salary of $55,000 (or approximately $1,057.00 per week) and resigned his employment on March 30, 2020. See Declaration of Robert Bloomer (attached hereto as Exhibit A). Using the date of removal as the appropriate date to calculate a potential back pay award for purposes of removal, Plaintiff would be entitled to $98,337.00 (93 weeks at $1,057.00 per week).

In addition, although Defendant denies Plaintiff is entitled to any relief whatsoever, Plaintiff's potential economic damages for front pay is an additional $55,000. *See Wineberger*, 2015 WL 225760, at * 3 (accepting the removing

4

defendant's calculation of one year front pay as a reasonable estimation of potential damages when determining amount in controversy); *Ambridge v. Wells Fargo Bank, N.A.*, 2014 WL 4471545, at *4 (M.D. Fla. Sept. 10, 2014) (finding that one year of front pay was a reasonable element of damages to consider as part of the amount in controversy).

Furthermore, a removing party may provide the Court with an estimate of a plaintiffs attorney's fees based on defense counsel's experience of the number of hours likely needed to litigate the case and an estimate of the plaintiffs attorney's hourly rate. *Alshakanbeh v. Food Lion, LLC*, No. 3:06CV1094, 2007 WL 917354 (M.D. Fla. March 23, 2007); *see also Mirras v. Time Ins. Co*., 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. 2008). In this case, Defendant's counsel, who is an attorney with more than 20 years of experience in labor and employment law estimates that, in her opinion, at least 250 hours will be spent by Plaintiff's counsel litigating this matter through trial. The hourly rate customarily charged by someone with the experience of Plaintiff's counsel is at least $350 per hour, if not higher. Thus, the attorneys' fees for Plaintiff will likely exceed $87,500.00 based on the number of hours at a minimum Plaintiff's counsel would likely spend litigating this matter through trial multiplied by the minimum hourly rate customarily charged by someone with counsel's experience.

Based on the allegations in Plaintiff's Complaint and the nature of his claims under the FCRA, Defendant has shown that the value of Plaintiff's claim more likely than not exceeds the jurisdictional amount. Specifically, Plaintiff's potential damages under the FCRA are $240,837.00, summarized as follows:

| | |
|---|---|
| Back Pay based | $98,337.00 |
| Front Pay based | $55,000.00 |
| Attorneys' Fees | $87,500.00 |
| **Total damages** | **$240,837.00** |

Based on the totality of the circumstances, reasonable estimates, and common sense, the amount Plaintiff has placed in controversy exceeds $75,000.00.

Because this Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332 and the requirements for diversity jurisdictions are met, this case is properly removable pursuant to 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing and service of this Notice of Removal, Defendants' Notice to Plaintiff of Removal has been served upon counsel for Plaintiff, Noah Storch, Richard Celler Legal, P.A., 10368 W. State Road 84, Ste. 103, Davie, FL 33324.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with Defendant's Notice of Removed Action, has been filed with the Clerk of the Circuit Court for the Eighteenth Judicial Circuit, Seminole County, Florida.

WHEREFORE, Defendant requests this action currently pending in the Circuit Court for the Eighteenth Judicial Circuit, Seminole County, Florida be removed to the United States District Court for the Middle District of Florida.

Respectfully submitted on this 19th day of January, 2022.

/s/Angelique Groza Lyons
Angelique Groza Lyons, Esq., Fla. Bar No. 118801
alyons@constangy.com
Justin O. Scott, Esq., Fla. Bar No. 1015628
jscott@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida  33601-1840
(813) 223-7166 / Fax:  (813) 223-2515
tampa@constangy.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of January, 2022, I electronically filed the foregoing using the CM/ECF System, which will send a Notice of Electronic Filing, along with a true and correct copy of the foregoing via e-mail to Noah E. Storch, Esq., Richard Celler Legal, P.A., 10368 W. State Rd. 84, Ste. 230, Davie, FL 33324 noah@floridaovertimelawyer.com.

/s/Angelique Groza Lyons
Attorney for Defendant

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROY VAZQUEZ,

    Plaintiff,

v.                                              Case No.:

CRC INSURANCE SERVICES, INC., a
Foreign Profit Corporation,

    Defendant.
_____/

## **DECLARATION OF ROBERT BLOOMER**

I, Robert Bloomer, state:

    1.    I am over eighteen years of age and make this Declaration based upon my own personal knowledge and a review of records maintained in the ordinary course of business by Defendant CRC INSURANCE SERVICES, INC ("CRC INSURANCE").

    2.    I am employed by Truist Bank as a Total Rewards Lead. CRC is a wholly owned subsidiary of Truist Insurance Holdings, Inc. Truist Insurance Holdings, Inc. is a wholly owned subsidiary of Truist Bank.

    3.    CRC INSURANCE is incorporated in Alabama with its principal place of business in Birmingham, Alabama.

Page **1** of **2**

7977443v.1

DocuSign Envelope ID: 6A295A76-295F-44E9-92B3-1A9168B6F564

4. Plaintiff, ROY VAZQUEZ ("Plaintiff"), was employed by CRC.

5. According to company records from CRC INSURANCE, Mr. Vazquez lives in Florida and is a resident of the state of Florida.

6. At the time of his separation of employment from CRC INSURANCE on March 30, 2020, Mr. Vazquez received a salary of $55,000.00 per year.

I have read the foregoing and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 19th day of January, 2022.

                                                                DocuSigned by:

                                                           _____

                                                               ROBERT BLOOMER

7977443v.1