Filing # 140371740 E-Filed 12/14/2021 04:23:04 PM

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## IN AND FOR SEMINOLE COUNTY, FLORIDA

ROY VAZQUEZ,   CASE NO.:

    Plaintiff,

vs.

CRC INSURANCE SERVICES, INC.

a Foreign Profit Corporation,

    Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ROY VAZQUEZ ("Mr. Vazquez" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, CRC INSURANCE SERVICES, INC. ("CRC" or Defendant"), a Foreign Profit Corporation, and states as follows:

1. Plaintiff brings these claims for race discrimination, national origin/ethnicity discrimination and retaliation against Defendant in violation of the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

### JURISDICTION

2. This Court has original jurisdiction over Plaintiff's claims as they arise under Florida law, and the actions giving rise to this lawsuit occurred in Seminole County, Florida.

3. This is an action for damages exceeding $30,000.00, exclusive of attorneys' fees, interest, and costs.

### VENUE

4. Venue is proper because Defendant conducts substantial business in Seminole County, Florida, and Plaintiff worked for Defendant in Seminole County, Florida, where the

actions at issue took place.

## PARTIES

5. Plaintiff is a Hispanic male.

6. Plaintiff is of Cuban and Puerto Rican ethnicity/ancestry.

7. During all times relevant, Plaintiff worked for Defendant in Seminole County, Florida.

8. Plaintiff is protected by the FCRA, because:

   a. He is a Hispanic male who suffered race discrimination because of his race.

   b. He is a Spanish-speaking man of Cuban and Puerto Rican ancestry/ethnicity.

   c. He suffered an adverse employment action, and was subjected to an increasingly hostile work environment, based on his race and national origin, as well as his objections/opposition to race and national origin discrimination.

9. Defendant was at all material times an "employer" as defined by the FCRA as it employed in excess of fifteen (15) employees.

10. Defendant is a Florida profit corporation, which does business in Seminole County, Florida.

## CONDITIONS PRECEDENT

11. Pursuant to the FCRA, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about December 11, 2020.

12. More than 180 days have passed since the filing of the Charge of Discrimination.

13. All conditions precedent to this action have been satisfied and/or waived.

## STATEMENT OF FACTS

14. Plaintiff worked for Defendant as a n Inside Broker from August 17, 2015, until March 30, 2020.

15. During his employment with CRC, Mr. Vazquez was exposed and subjected to direct discrimination based on his race and national origin/ethnicity.

16. Specifically, when CRC placed Mr. Vazquez under the supervision of Manager, Deborah Deen ("Ms. Deen"), the latter began to harass and demean Mr. Vazquez on the basis of his race and national origin/ethnicity.

17. For example, Ms. Deen openly and aggressively questioned Mr. Vazquez's ability to speak English, for no other reason than his race and national origin/ethnicity.

18. Additionally, Ms. Deen regularly treated Mr. Vazquez with disrespect and cruelty, while she treated non-Hispanic, non-Cuban, and non-Puerto Rican subordinates with a greater degree of professionalism.

19. This type of discrimination and disparate treatment based on race and national origin is wholly unlawful under the FCRA.

20. Due to Ms. Deen's influence, other CRC employees felt emboldened to replicate her hateful rhetoric.

21. For example, Underwriter, Sharon Poorvin, who sat right behind Mr. Vazquez, routinely made racist comments towards Hispanic and Latinos.

22. Ms. Poorvin endlessly complained about having to "Press 1 for English" while on the phone, and exclaimed that America had no place for immigrants who did not speak English, and that all immigrants who could not speak the language, should be deported immediately.

23. Mr. Vazquez, a Spanish-speaker himself, found these comments greatly offensive, and contributed to his feelings of ostracization and exclusion fostered by CRC's racist and discriminatory environment.

24. For example, Broker, Mike Jones ("Mr. Jones"), constantly referred to Mr. Vazquez as a "thug" and made tasteless and discriminatory jokes about dressing up as a "border wall," but being unable to do so because he lacked funding from "Mexicans."

25. Additionally, during an office Christmas Party in December 2019, Assistant Underwriter, Deborah Deditz ("Ms. Deditz"), loudly scolded Mr. Vazquez for speaking Spanish to a fellow employee, Siby Cintron, and commanded the pair to "Speak English."

26. Unable to withstand this discrimination, in March 2020, Mr. Vazquez objected to Human Resources Representative, Stephanie Patty, and detailed the litany of discriminatory actions and insults he suffered at the hands of CRC managers and employees.

27. Mr. Vazquez's objection is considered "protected activity" under the FCRA.

28. In response to Mr. Vazquez's complaints, Ms. Patty stated that she would "take care" of the issue.

29. Despite this, neither Ms. Patty, nor anyone else at CRC investigated Mr. Vazquez's claims of discrimination.

30. Instead, CRC retaliated against Mr. Vazquez for his objections through punitive write-ups and illusory disciplinary actions.

31. Of course, non-Hispanic, non-Cuban, and non-Puerto Rican employees (such as Mr. Vazquez's tormentors) were spared from these disciplinary actions due to their ethnicity, national origin, and race.

32. By this point, it became clear that Mr. Vazquez's objections to the pervasive discriminatory/retaliatory atmosphere at CRC only served to place a target on his back.

33. Unable to remain at such a patently unlawful enterprise any further, on March 30, 2020, Mr. Vazquez resigned his employment via e-mail and reiterated his experience with, and objections to, race/national origin discrimination throughout his tenure.

34. Based on the unlawful harassment, discrimination, and retaliation at CRC, and CRC's dismissal of Mr. Vazquez's objections to same, it is clear that any reasonable employee would have resigned in this situation. As such, Mr. Vazquez's resignation is considered a constructive discharge pursuant to the FCRA.

35. The disparate treatment of CRC's non-Hispanic, non-Cuban, and non-Puerto Rican workers underscores the discriminatory intent behind the statements and actions of CRC's managers and supervisors noted hereinabove.

36. Any reason provided by CRC for its adverse employment actions against Plaintiff is a pretext and a cover-up for illegal discrimination and retaliation.

37. By reason of the foregoing, Defendant's actions violated the FCRA.

38. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties.

39. Defendant does not have a non-discriminatory and/or non-retaliatory rationale for allowing and participating in the discrimination, retaliation and constructive discharge suffered by Plaintiff.

40. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive working environment and ultimately constructive discharge, because of his race and national origin, and because of his objections to the discrimination based on same.

**COUNT I - DISCRIMINATION UNDER THE
FLORIDA CIVIL RIGHTS ACT BASED ON RACE**

41. Plaintiff realleges and readopts the allegations contained in paragraphs 1-40 of the Complaint, as if fully set forth in this Count.

42. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under the FCRA.

43. The discrimination/disparate treatment to which Plaintiff was subjected was based on race.

44. Defendant's discriminatory comments were egregious and provide direct evidence of its discriminatory motive to discriminate against Plaintiff. *See, e.g., E.E.O.C. v. Beverage Canners, Inc.*, 897 F.2d 1067, 1068-69 (11th Cir. 1990).

45. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

46. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), FLA. STAT.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

### COUNT II - DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON NATIONAL ORIGIN/ETHNICITY

47. Plaintiff realleges and readopts the allegations contained in paragraphs 1-40 of the Complaint, as if fully set forth in this Count.

48. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against national origin/ethnicity discrimination under the FCRA.

49. The discrimination/disparate treatment to which Plaintiff was subjected was based on national origin/ethnicity.

50. Defendant's discriminatory comments were egregious and provide direct evidence of its discriminatory motive to discriminate against Plaintiff. See, e.g., E.E.O.C. v. Beverage Canners, Inc., 897 F.2d 1067, 1068-69 (11th Cir. 1990).

51. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT III - RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON PLAINTIFF'S OBJECTIONS TO DEFENDANT'S ILLEGAL PRACTICES

53. Plaintiff realleges and adopts the allegations contained in paragraphs 1-40 of the Complaint, as if fully set forth in this Count.

54. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing race discrimination and national origin discrimination under the FCRA.

55. Plaintiff engaged in a protected activity when he complained to management regarding Defendant's illegal, discriminatory conduct.

56. Defendant retaliated against Plaintiff because of his opposition to

7

Defendant's illegal, discriminatory conduct.

57. Defendant's adverse employment action was causally connected to Plaintiff's objections to Defendant's mistreatment and unlawful conduct.

58. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), FLA. STAT.

60. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination and retaliation through reinstatement, or, if that is not practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including punitive damages; award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to Section 760.11(5), FLA. STAT.; and provide any additional relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this ___st day of December, 2021.

Respectfully submitted,

*/s/ NOAH E. STORCH*
Noah E. Storch, Esquire
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd. 84 Suite 103
Davie, FL 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Counsel for Plaintiff*

Filing # 140371740 E-Filed 12/15/2021 09:38:05 AM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

ROY VAZQUEZ,					CASE NO.:

    Plaintiff,

vs.

CRC INSURANCE SERVICES, INC.

a Foreign Profit Corporation,

    Defendant.
_____/

**CASE MANAGEMENT PLAN**

**(GENERAL)**

The parties are to meet, review, and discuss the Case Management Plan to agree upon dates according to the guidelines set forth in the above Case Management Plan. The parties are to sign the certification below and submit the proposed Case Management Order with the agreed upon dates to the Court for approval and signature. This is required to be submitted to the court or filed in the court file for approval of the Case Management Order.

| | |
|---|---|
| 1. Date of First Response (i.e., Answer, Notice of appearance, Motion for Extension of Time, Motion to Dismiss) | The date of the first filing |
| 2. Deadline for adding new parties, amendment of pleadings | Should be 60-90 days since response date |
| 3. Deadline for Witness & Exhibit List (Witnesses MUST be listed by actual NAME of the witness, and not by designation (i.e., use of such designations as "Corporate Representative," "Records Custodian," "Adjustor," or "IME Doctor" standing alone is insufficient) | Should be 60-90 days before Trial |
| 4. Deadline for Expert Disclosure | Should be 150-180 days prior to projected trial date for Plaintiff |
| (Parties should furnish opposing counsel with the Names and addresses of all expert witnesses under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.28(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed with the Clerk of Court. | Should be 120-150 days prior to projected trial date for Defendant |
| 5. Objections to pleadings | Should be resolved 150-180 days prior to projected trial date |
| 6. Deadline for Discovery Completion (including Depositions) | Should be 15-30 days prior to projected trial date |
| 7. Deadline for Dispositive Motions, including *Daubert* Motions- Failure to do so shall constitute a waiver at Trial of any Daubert related evidence objection or issue Responsibility for scheduling of the Hearing shall be upon the party filing the Motion or Objection. | Should be heard 15-30 days prior to projected trial date |
| 8. Deadline for Mediation: | Should be 45-60 days prior projected trial date |
| 9. Trial Date | Must include length of trial period and projected date trial is desired to commence 18 months from date of the Case Mgmt Plan and submission of Case Management Order to Court |

I hereby certify that I have that all parties have met and conferred regarding all proposed dates for the Case Management Plan and Case Management Order and certify that all dates proposed in the Case Management Order have been agreed to by the parties.

Date: _____

Signature of Counsel and Unrepresented Parties. Counsel must state FL Bar number. Unrepresented parties must include email address for service.

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

ROY VAZQUEZ,                                   CASE NO.:

      Plaintiff,

vs.

CRC INSURANCE SERVICES, INC.

a Foreign Profit Corporation,

      Defendant.
_____/

## CASE MANAGEMENT ORDER
### (GENERAL)

    Pursuant to the dictates of Administrative Order AOSC20-23 of the Florida Supreme Court, and AO 21-24, Eighteenth Judicial Circuit, it is, hereby,

    **ADJUDGED** that the following deadlines are applicable to this action, and that same will be strictly applied by the Court:

    The projected date of trial for this matter is the trial docket beginning_____. A firm trial date will be ordered by the presiding judge when this matter is at issue and notice as to same is filed in accordance with Rule 1.440, Fla. R. Civ. P.

    Any request(s) for the addition of new parties, or amendments to the pleadings, shall be served within____days from the response date.

    The fact witnesses of all parties shall be disclosed to all other parties no later than ____days prior to the above projected trial date.

    All of Plaintiff's Expert Witnesses shall be disclosed to all other parties no later than____days prior to the above projected trial date. Defendant's Expert Witnesses shall be disclosed to all other parties within 30 days thereafter.

    All fact AND expert discovery shall be completed no later than____ days prior to the above projected trial date.

    All objections to the pleadings, and all pre-trial motions shall be resolved no later than ____days prior to the above projected trial date.

Mediation shall be completed no later than_____days prior to the above projected trial date.

## **ORDER**

**THE COURT,** having reviewed the preceding Case Management Dates finding them to be satisfactory. Accordingly, it is hereby **ORDERED** that

1. **COMPLIANCE WITH THIS CASE MANAGEMENT ORDER:** The parties shall strictly comply with the terms of this Case Management Plan and Case Management Order unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.

2. **ADDITIONAL EIGHTEENTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Eighteenth Judicial Circuit Courtroom Decorum Policy (AO 09-06)**; and (ii) **any division-specific guidelines and policies that may be applicable.**

3. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.

4. **NOTICES FOR TRIAL:** Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., or when the case is ready to be set for trial, the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Case Manager at the email address noted on the Eighteenth Judicial Circuit website.

5. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

6. **SERVICE OF THIS ORDER:** Counsel is ordered to promptly serve and file proof with the Clerk, no more than five (5) business days from the date of this Order that all *pro se* parties, subsequently named or appearing herein, have been served copies of this Order. In the event a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving this Order and all future orders of the Court via a non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of Service with the Court indicating who was served, the date of service, and the method of service (including any address or email used) within three (3) business days. If Plaintiff is unrepresented, Counsel for the Defendant shall have this same obligation. If all parties are unrepresented, the Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

7. **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED** this_____day of_____, 2021, in_____, _____County, Florida.

_____<br>CIRCUIT JUDGE

*<u>A true and correct copy of the foregoing was distributed to all parties by filing and service via the eportal to all attorney(s)/interested parties identified on the eportal Electronic Service List.</u>*

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711**